### Richmond

## MICHAEL WENDELL HOLLOMAN

## v.

## COMMONWEALTH OF VIRGINIA

August 28, 1980.

Record No. 791826.

Present: Carrico, Harrison, Cochran, Poff, Compton and
Thompson, JJ., and Harman, S.J.

*Lawrence E. Blake* for appellant.

*Alexander E. Conlyn, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Indicted for rape, and for using or attempting to use "a pistol, shotgun, rifle or other firearm while committing or attempting to commit rape" in violation of Code § 18.2-53.1, defendant Michael Wendell Holloman pled guilty to the former charge and not guilty to the latter. Subsequently, he was convicted of both by the trial court sitting without a jury and sentenced on the latter charge to a term of one year in the penitentiary. The sole issue on appeal is whether the instrument in defendant's possession during commission of the rape was a "firearm" so as to constitute a violation of the foregoing statute.*

The object in question, part of the record on appeal, appears in size, weight and shape to be a .45 caliber automatic pistol. Testimony showed it fires BBs by the force of a spring, not by gunpowder. Markings on the black weapon indicate it is a .177 caliber "Marksman Repeater" manufactured in "Los Angeles 25, Calif."

Noting that penal statutes must be strictly construed against the Commonwealth and that the statute in issue does not define the term "firearm," defendant contends the evidence is insufficient to convict. He argues that because the instrument used was a spring-operated BB gun, it is not a "firearm." Citing a dictionary definition and certain foreign cases, defendant argues a "firearm" is a weapon that expels a projectile by force of gunpowder. *See* Black's Law Dictionary 570 (5th ed. 1979). He contends that weapons not activated by "explosive force" but by mechanical means, such as springs, are not "firearms" within the meaning of § 18.2-53.1. We disagree.

---

* § **18.2-53.1. Use or display of firearm in committing felony.**—It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, robbery, burglary or abduction. Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be sentenced to a term of imprisonment of one year for a first conviction, and for a term of three years for a second or subsequent conviction under the provisions of this section. Notwithstanding any other provision of law, the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

Even though any ambiguity or reasonable doubt as to the meaning of a penal statute must be resolved in favor of an accused, nevertheless a defendant is not entitled to benefit from an "unreasonably restrictive interpretation of the statute." *Ansell* v. *Commonwealth*, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979). At the time the statute in issue was first enacted in 1975, we had already defined "firearm" in another context in *Johnson* v. *Commonwealth*, 209 Va. 291, 163 S.E.2d 570 (1968). There, an indictment for attempted robbery charged defendant with assault on the victim by "the presenting of firearms and other violence" which put the victim in bodily fear during a felonious attempt to steal his goods and chattels. 209 Va. at 293, 163 S.E.2d at 572. Defendant used a revolver having a blocked barrel and firing only blank cartridges. He argued the instrument was not a firearm as alleged in the indictment and offered an instruction, refused by the trial court, on the theory that to be a firearm a weapon must be capable of throwing a projectile or missile to a distance by force of gunpowder or some other explosive.

Sustaining the trial court's refusal of the instruction, this Court held the instrument was a firearm within the meaning of the indictment. Pointing out the victim did not know what kind of pistol was being used, the Court said that a sensible victim of a holdup "acts on appearances" and "is not required to know whether the gun pointed at him is loaded or whether it shoots bullets or blanks." 209 Va. at 296, 163 S.E.2d at 574. The Court noted that a toy pistol has been held sufficient to sustain a charge of robbery with a firearm.

By analogy the same reasoning applies here. The purpose of Code § 18.2-53.1, keyed to serious crimes and prescribing inflexible penalties, is to deter violent criminal conduct. *Ansell* v. *Commonwealth*, 219 Va. at 763, 250 S.E.2d at 762. The statute not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm. Such fear of harm results just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile. The victim of a crime can be intimidated as much by a revolver that does not fire bullets as by one that does; such victim cannot be required to distinguish between a loaded pistol and a spring gun when it is brandished during commission of a felony. *See* *Cox* v. *Commonwealth*, 218 Va. 689, 240 S.E.2d 524 (1978) (pistol capable of firing by use of gunpowder but loaded with wooden bullets

was a "pistol" under § 18.2-53.1 and a "deadly weapon" under another criminal statute).

■ Consequently, we hold that the Commonwealth's evidence was sufficient to convict defendant of using a firearm in violation of § 18.2-53.1 upon proof that defendant employed an instrument which gave the appearance of having a firing capability, whether or not the object actually had the capacity to propel a bullet by the force of gunpowder.

For these reasons, the judgment of conviction will be

*Affirmed.*