COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


DAVID T. VANZANT, JR.

v.           Record No. 0713-95-1      MEMORANDUM OPINION[*] BY
                                       JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                    APRIL 9, 1996


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                       Nelson T. Overton, Judge

          Oscar H. Blayton for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


        On January 23, 1995, appellant, David T. Vanzant, Jr., pled

guilty to three counts of robbery and three counts of using or

displaying a firearm while committing robbery.  In return, the

Commonwealth agreed to nolle prosequi an additional robbery

charge and an additional use of firearm charge.  The court found

that appellant entered his pleas freely and voluntarily after

full consultation with counsel.  Based on appellant's guilty

pleas and the Commonwealth's evidence that during the course of

the robberies appellant displayed a BB gun which looked like a

.45 caliber handgun, the trial court found him guilty on all six

charges and deferred imposing sentence until a presentence report

had been prepared.

        Prior to appellant's sentencing hearing, this Court decided

--------
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Sprouse v. Commonwealth, 19 Va. App. 548, 453 S.E.2d 303 (1995). Based on Sprouse, appellant sought to withdraw his guilty pleas on the three firearms convictions, contending the BB gun the evidence showed he displayed in the course of the robberies was not a "firearm" within the meaning of Code § 18.2-53.1. Relying instead on Holloman v. Commonwealth, 221 Va. 196, 269 S.E.2d 356 (1980), the court denied appellant's motion to withdraw his guilty pleas. Finding Holloman controls the decision in this case, we affirm appellant's convictions.

> Code § 18.2-53.1 provides, in part:
> [i]t shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery . . . . Violation of this section shall constitute a separate and distinct felony.

In Holloman, the Supreme Court ruled that a BB gun appearing to be a .45 caliber pistol was a "firearm" within the meaning of Code § 18.2-53.1. 221 Va. at 199, 269 S.E.2d at 358. Analogizing the reasoning applicable to robbery cases, the Holloman Court focused on the subjective fear of the victim who "cannot be required to distinguish between a loaded pistol and a spring gun when it is brandished during [the] commission of a felony." Id. at 198, 269 S.E.2d at 358. Accordingly, the Court held that "an instrument which gave the appearance of having a firing capability" was sufficient to support a conviction under Code § 18.2-53.1, "whether or not the object actually had the

capacity to propel a bullet by the force of gunpowder."  Id. at 199, 269 S.E.2d at 358.

Appellant contends Holloman is not applicable, arguing that the Supreme Court subsequently changed the law in Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994).  However, the Yarborough Court did not attempt to define "firearm" within the meaning of the statute, and it did not dispute or reject the Holloman rationale or its finding that a BB gun appearing to be a .45 caliber gun is a "firearm."  247 Va. at 217-19, 441 S.E.2d at 343-44.  The issue in Yarborough was whether, in light of the absence of any testimony that a firearm was actually seen, the circumstantial evidence of possession was sufficient beyond a reasonable doubt to convict the defendant of the charge.[1]

We find that under Holloman the BB gun appellant displayed is a firearm within the meaning of Code § 18.2-53.1. Accordingly, the trial court's denial of appellant's motion to withdraw his guilty pleas is affirmed.

Affirmed.

---

[1]In Yarborough, the victim testified to seeing "something protruding" from Yarborough's jacket pocket during the incident, which Yarborough called a "stick-up."  247 Va. at 216-17, 441 S.E.2d at 343.  Although the victim believed Yarborough had a gun in his pocket, she never saw or felt a firearm.  Id.  Yarborough never stated he had a gun, and the police found no firearm in Yarborough's possession, although they later found an unopened can of beer in one of his jacket pockets.  Id.  Finding that the evidence "create[d] merely a suspicion of guilt," the Court reversed the conviction.  Id. at 219, 441 S.E.2d at 344.