COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


BRADLEY SCOTT JOHNSON

MEMORANDUM OPINION[*] BY

v.    Record No. 1488-00-4    JUDGE JEAN HARRISON CLEMENTS
                                          JULY 17, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Henry E. Hudson, Judge Designate

Peter M. Baskin (Pelton, Balland, Young,
Demsky, Baskin & O'Malie, P.C., on briefs),
for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Bradley Scott Johnson was convicted in a jury trial of use of a firearm in the commission of malicious wounding in violation of Code § 18.2-53.1.[1]  On appeal, Johnson contends the trial court erred (1) in ruling the evidence was sufficient to convict him of use of a firearm in the commission of malicious wounding even though he used an unloaded handgun solely as a striking instrument, (2) in granting the Commonwealth's jury instruction defining "firearm," and (3) in refusing his jury

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

    [1] Johnson was also convicted on pleas of guilty of malicious wounding and assault and battery.

instruction defining "use" of a firearm.  Finding no error, we affirm the conviction.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

On December 18, 1999, at approximately 11:30 p.m., Mayra Fernandez, accompanied by Mark Wenske, returned home to her uncle's house in Arlington County, Virginia.  They parked on the street, in front of the house.  When Fernandez and Wenske exited the car, Johnson rushed up to Fernandez, his former girlfriend, and asked, "Is this the guy?"  Fernandez nodded affirmatively and Johnson pulled out a nine-millimeter semi-automatic pistol, pointed it at Fernandez, and pulled the trigger four times.  The gun clicked each time Johnson pulled the trigger but did not fire.  After the fourth click Johnson said, "Aren't you lucky." Wenske tried to intervene when Johnson first rushed up to Fernandez but, thinking the gun was loaded, got behind the car when Johnson pulled out the pistol.

Still brandishing the pistol, Johnson grabbed Fernandez's arm, said, "Let's go," and started pulling her away from the house.  Fernandez told Wenske to call the police and yelled for her uncle to help her.  Johnson then hit Fernandez on the head

-

five times with the butt of the gun.  Fernandez fell to the ground bleeding, and Johnson hit her again.

Wenske, who had started calling the police on his cellular phone, ran over to protect Fernandez but was himself struck by Johnson on the hand and head with the gun.  Undaunted, Wenske grabbed Johnson.  During the ensuing struggle, the gun was dislodged and tossed into the street.  Johnson ran to get the gun, but Wenske again dislodged it and pushed Johnson away from the gun.

At that point, hearing screams outside his house, Fernandez's uncle ran out to find his niece lying face down in a puddle of blood and Wenske and Johnson fighting.  He heard Wenske say two or three times that Johnson had a gun. Fernandez's uncle saw the gun in the street and attempted to throw it under the car parked on the street.  He then helped Wenske subdue Johnson and the police were called.

When the police arrived, they found the gun in the street near the car parked in front of the house.  They also found in the street, approximately forty feet from the scene of the assault, an empty magazine clip from a nine-millimeter weapon. The magazine clip was damaged because it had been run over by traffic.  The police also found a magazine clip with seven nine-millimeter bullets in it and thirty-five additional nine-millimeter bullets in Johnson's car parked approximately one block away.

-

At trial, the court, at the Commonwealth's request, gave the following instruction defining "firearm" to the jury:

INSTRUCTION NO. 8

A firearm is a weapon designed to expel a projectile by the explosion of gun powder, by spring mechanism, or by pneumatic pressure. It is not necessary that the object actually have the capability of firing a projectile, provided that it retains enough of its parts that it has not lost its appearance as a firearm.

The existence of a firearm may be proved by circumstantial evidence, direct evidence, or both.

Conversely, the trial court refused to give Johnson's requested jury instruction defining "use" of a firearm, which provides:

INSTRUCTION NO. A

The Court instructs the jury that the term "use" contained in Instruction No. 7[2]

_____

[2] The referenced jury instruction reads as follows:

INSTRUCTION NO. 7

The defendant is charged with the crime of using a firearm while committing or attempting to commit the malicious wounding of Mayra Fernandez. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1) That the defendant used a firearm; and

(2) That the use of the firearm was while committing or attempting to commit the Malicious Wounding of Mayra Fernandez.

If you find that the Commonwealth has proven these elements beyond a reasonable doubt, then you shall find the defendant

-

> means the defendant's employment of the
> firearm in the ordinary manner contemplated
> by its nature and design.

(Footnote added.)

## II.   SUFFICIENCY OF EVIDENCE OF USE OF A FIREARM

Johnson contends the legislature intended, in enacting Code § 18.2-53.1, to punish solely those "offenders who employ firearms in the ordinary manner as contemplated by their nature and design to produce fear in the victim or actual injury by gunfire."  He argues that using a gun to strike or bludgeon the victim is not included in the definition of "use" in the statute and that striking or bludgeoning instruments are not included in the definition of "firearm" in the statute.  Thus, he concludes, the evidence establishing that he beat the victim with a gun was insufficient to convict him of using a firearm while committing malicious wounding.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  <u>Bright v. Commonwealth</u>, 4 Va. App.

---

> guilty, but you shall not fix his punishment
> until further evidence has been heard by
> you.
>
>     If you find that the Commonwealth
> failed to prove beyond a reasonable doubt
> either or both of the elements of the
> offense, then you shall find the defendant
> not guilty.

-

248, 250, 356 S.E.2d 443, 444 (1987).  We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).  We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Code § 18.2-53.1 provides, in pertinent part:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . malicious wounding as defined in § 18.2-51 . . . .

Johnson concedes that he brandished a pistol and used it to maliciously wound Fernandez.  He argues, however, that, because he used the unloaded gun as a club and not in its "traditional manner" to maliciously wound Fernandez, he may not properly be convicted of use of a firearm in the commission of malicious wounding.

"Even though any ambiguity or reasonable doubt as to the meaning of a penal statute must be resolved in favor of an accused, nevertheless a defendant is not entitled to benefit from an 'unreasonably restrictive interpretation of the statute.'"  Holloman v. Commonwealth, 221 Va. 196, 198, 269

-

S.E.2d 356, 357 (1980) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).  In construing the term "firearm," we have said:

> [W]hether the term "firearm" when used in a statute without being defined is to be given its traditional meaning or a more expansive meaning depends upon the purpose and policy underlying the particular statute.  When the statute is designed to not only deter physical harm, but also to deter a broader range of conduct that produces fear or physical harm, a more expansive definition of "firearm" is required in order to effectuate that purpose.

Jones v. Commonwealth, 16 Va. App. 354, 357, 429 S.E.2d 615, 616 (1992), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).

> The purpose of Code § 18.2-53.1, keyed to serious crimes and prescribing inflexible penalties, is to deter violent criminal conduct.  The statute not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm. Such fear of harm results just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile.  The victim of a crime can be intimidated as much by a revolver that does not fire bullets as by one that does; such victim cannot be required to distinguish between a loaded pistol and a [gun incapable of firing bullets] when it is brandished during commission of a felony.

Holloman, 221 Va. at 198, 269 S.E.2d at 358 (citations omitted).

To obtain a conviction under "Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the

-

firearm or displayed the firearm in a threatening manner while committing or attempting to commit" certain specified felonies, including malicious wounding.  Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994).

In this case, Johnson used his gun, which had the appearance of having a firing capability, to "pistol whip" the victim.  In doing so, he maliciously wounded her.  Before using the gun to inflict the injuries upon the victim, Johnson pointed it at her and pulled the trigger several times.  The victim's companion, who was afraid the gun was loaded, was deterred from assisting the victim by Johnson's brandishing of the pistol.

We hold that the evidence presented in this case was sufficient to prove beyond a reasonable doubt that Johnson was in possession of a firearm and that he displayed the firearm in a threatening manner and used it while committing malicious wounding, in violation of Code § 18.2-53.1.  Hence, the trial court did not err in ruling the evidence was sufficient to convict Johnson of use of a firearm in commission of malicious wounding.

## B.  JURY INSTRUCTIONS

Johnson contends that the inclusion of the language, "its appearance as a firearm," in Instruction No. 8 was error because intimidation is not an element of malicious wounding.  Thus, he argues, in the context of malicious wounding, a gun is an

-

applicable firearm under Code § 18.2-53.1 only when it is fired to commit the malicious wounding.  We disagree.

Johnson's nine-millimeter semi-automatic pistol, which he pointed at his victim and used to maliciously wound her was, in fact, a firearm in his possession.  See Yarborough, 247 Va. at 218, 441 S.E.2d at 344.  The jury instruction, including the challenged language, was an accurate statement of the law, see Holloman, 221 Va. at 198, 269 S.E.2d at 358, and covered issues raised by the evidence in this case.  Therefore, the trial court did not err in granting Instruction No. 8.  See Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988).

Johnson also contends that the trial court erred in refusing to give his proffered Instruction A to the jury.  Instruction A, he argues, correctly states the principle that a gun can only be "used" under Code § 18.2-53.1 to commit malicious wounding if it is fired.

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction."  Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999).  "A party is entitled to have the jury instructed according to the law favorable to his or her theory of the case if evidence in the record supports it."  Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

-

Here, though, we have concluded that Johnson's brandishing of the handgun and employment of it to maliciously wound the victim constituted "use" of a firearm under Code § 18.2-53.1. Thus, we hold that Johnson's proposed instruction defining "use" was an erroneous statement of the law and the trial judge did not err in refusing to grant it.

For these reasons, we affirm the conviction.

<u>Affirmed.</u>