COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Retired Judge Brown[*]
Argued at Salem, Virginia


MARK ANTHONY POWELL

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 1490-02-1     JUDGE RUDOLPH BUMGARDNER, III
                                         AUGUST 5, 2003
COMMNWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Johnny E. Morrison, Judge

          Joseph R. Winston, Special Appellate Counsel
          (Public Defender Commission, on briefs), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     The trial court convicted Mark Anthony Powell of robbery,

two counts of abduction, and three counts of use of a firearm in

the commission of a felony. He argues the evidence was

insufficient to prove he had a firearm, Code § 18.2-53.1.[1] We

conclude the trial court did not err and affirm the convictions.

_____

     [*] Retired Judge J. Howe Brown, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] "It shall be unlawful for any person to use or attempt to
use any . . . firearm or display such weapon in a threatening
manner while committing or attempting to commit . . . robbery."
Code § 18.2-53.1.

We view the evidence and the reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Dowden v. Commonwealth, 260 Va. 459, 467, 536 S.E.2d 437, 441 (2000). The defendant walked to the register of a clothing store and inquired, "Where is your help today?" The cashier responded that she and the sales associate were alone. As he demanded money from the register, the defendant said he had a gun and "Don't move and won't nobody get hurt." He had his hand in the pocket of his loose fitting jeans the entire time. The employees believed the defendant had a firearm, though neither of them saw one. The defendant was "fidgety" and moved his hand in his pocket left to right. As the cashier opened the register, the defendant told her to move slowly so no one would get hurt. She gave him more than $100 cash. The defendant ordered the employees into the storeroom, told them to lie on the floor, and closed the door as he left. The employees watched the defendant leave the premises, saw him get into a taxi, and called the police.

Officer Nathan Clark received a robbery alert, reported to the store, and learned the defendant had left in a taxi. Clark spotted the taxi and pursued it. He did not see anything thrown from the window. When he stopped the taxi, the defendant told its driver to "keep going." The taxi driver did not notice the defendant roll the window down, did not see or hear anything being thrown out the window, and did not see a firearm. The

police recovered $196 cash under the back seat of the cab near where the defendant sat, but no firearm.

In a statement to police, the defendant conceded, "I told the girl that I had a gun and to give me the money." However, he denied he had a gun.

The defendant maintains that his statements that he had a gun were uncorroborated assertions and constituted the only evidence that he possessed a gun.

Elmore v. Commonwealth, 22 Va. App. 424, 430, 470 S.E.2d 588, 590 (1996), controls this case. The defendant gave a bank teller "a note stating that he had a 'gun,' pointed to his pocket and said that he did not want to hurt anyone." At trial, he denied he possessed a firearm. This Court affirmed his conviction under Code § 18.2-53.1.

In this case, the evidence is more than an uncorroborated assertion by the defendant that he had a gun. The defendant had his hand in his pocket, told the employees he had a gun, and threatened to use it. He was fidgety, moved his hand in his pocket back and forth, and ordered them to move slowly so no one would get hurt. When he ordered them to the storeroom, his hand remained in his pocket. The defendant accomplished the robbery and abductions by placing the employees in fear that he would use the gun to hurt them. His statements, his assertive conduct, and the circumstances surrounding them were an "implied assertion" that he had a firearm. See Redd v. Commonwealth, 29

Va. App. 256, 258-59, 511 S.E.2d 436, 437-38 (1999) (Code § 18.2-308.2).

Credible evidence supports the convictions.  Accordingly, we affirm.

<u>Affirmed.</u>

Benton, J., dissenting.

In Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), the Supreme Court decided several principles that are again at issue in this case.

> The Attorney General contends that "the law does not require that a firearm actually be seen or even used in order to sustain a conviction under [Code] § 18.2-53.1" and that the evidence is sufficient to support a conviction "if the victim is made to feel that an assailant has a firearm, and reacts in response to that perception." Consistent with that contention, the Court of Appeals stated that "actual sighting of the weapon is unnecessary for a conviction under Code § 18.2-53.1." Yarborough [v. Commonwealth], 15 Va. App. [638,] 642, 426 S.E.2d [131,] 133-34 [(1993)]. Continuing, the Court of Appeals noted that, although Konchal saw no gun, she saw what she believed was a gun and that Yarborough "may have had a gun in his right pocket at the time of the offense." Id., 426 S.E.2d at 134.

> We have decided two cases dealing with the sufficiency of the evidence to support a conviction under Code § 18.2-53.1. In Cox v. Commonwealth, 218 Va. 689, 690-91, 240 S.E.2d 524, 525 (1978), we held that a pistol, which was capable of firing live ammunition but which was loaded with wooden bullets, was "a weapon whose use was specifically proscribed by [Code § 18.2-53.1]." In Holloman v. Commonwealth, 221 Va. 196, 197, 269 S.E.2d 356, 357 (1980), the sole issue was whether the instrument in the defendant's possession was a "firearm" within the meaning of Code § 18.2-53.1. Although the instrument "appear[ed] in size, weight and shape to be a .45 caliber automatic pistol," it fired BBs "by the force of a spring, not by gunpowder." Id. We held that the evidence was sufficient to convict the defendant of using a firearm in violation of Code

- 5 -

§ 18.2-53.1, even though the instrument was fired by a spring rather than by gunpowder. Id. at 199, 269 S.E.2d at 358.

These cases do not stand for the proposition that the Commonwealth need not prove that the defendant actually possessed a firearm.  Indeed, they stand for the contrary proposition, and we reject the Attorney General's contention and the conclusion reached by the Court of Appeals.

Code § 18.2-53.1, a penal statute, must be strictly construed against the Commonwealth and in favor of an accused. Martin v. Commonwealth, 224 Va. 298, 300, 295 S.E.2d 890, 892 (1982).  When so construed, we think that, to convict an accused of violating Code § 18.2-53.1, the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.  In order to convict an accused of a crime, the evidence must establish the accused's guilt beyond a reasonable doubt and exclude every reasonable hypothesis of innocence.  Cameron v. Commonwealth, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970). Conviction of a crime is not justified if the evidence creates only a suspicion or probability of guilt.  Id.

Id. at 217-18, 441 S.E.2d at 343-44 (footnote omitted).

The evidence in this case proved that during the robbery Powell said he had a gun.  Both salespersons testified, however, that they did not see a gun, did not see "the outline of a gun" in Powell's pocket, and saw no other indication of a gun.  After committing the robbery, Powell entered a taxi and traveled a short distance before the police stopped the taxi and arrested

Powell.  The evidence proved the police recovered money from the back seat of the taxi but no weapon.  The taxi driver testified Powell did not throw any items from the taxi.  When questioned by the police, Powell denied having a gun or using a gun.  In summary, only by conjecture could the trier of fact find that the evidence proved Powell actually had a gun.

> It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt.  Conviction cannot rest upon conjecture.  The evidence must be such that it excludes every reasonable hypothesis of innocence.  The giving by the accused of an unclear or unreasonable or false explanation of his conduct or account of his doings are matters for the jury to consider, but they do not shift from the Commonwealth the ultimate burden of proving by the facts or the circumstances, or both, that beyond all reasonable doubt the defendant committed the crime charged against him.

Smith v. Commonwealth, 192 Va. 453, 461-62, 65 S.E.2d 528, 533 (1951).

As in Yarborough, I would hold that the evidence failed to prove beyond a reasonable doubt that Powell "actually possessed a firearm."  247 Va. at 219, 441 S.E.2d at 344.  See also McBride v. Commonwealth, 24 Va. App. 603, 608-11, 484 S.E.2d 165, 168-70 (1997) (Benton, J., dissenting).  Therefore, I would reverse the firearm convictions.