ALTENBERND, Judge.
 

 Ryan Goodwin appeals his judgment and sentence as a principal to robbery with a deadly weapon. We affirm and briefly discuss one of the issues that he raises on appeal. We conclude that the jury was free to determine that the BB gun used in this robbery was a deadly weapon.
 

 Mr. Goodwin drove the car for a robbery of a grocery store’s pharmacy. A Mr. Cavedo, Mr. Goodwin’s coperpetrator, entered the store and demanded “all of the Roxies and Oxies again.” Mr. Cavedo apparently had robbed the same pharmacist about six weeks earlier. When the pharmacist objected to being robbed twice, Mr. Cavedo pulled back his shirt and showed the pharmacist the black grip of what appeared to be a handgun. With that, the pharmacist complied with the request, and the two men drove away with the drugs.
 

 During the investigation, it was determined that the gun that Mr. Cavedo used during this robbery was a BB gun — a Marksman Repeater Model 2002. The State presented evidence that the weapon was operable and capable of penetrating cardboard from close range. Mr. Goodwin presented expert testimony that the weapon could not penetrate the eye of a dead pig when loaded with BBs. The gun had a projective velocity of approximately 200 feet per second, which the expert testified was insufficient to pierce human flesh.
 

 The weapon used in this case is essentially identical to the weapon used in
 
 Mitchell v. State,
 
 698 So.2d 555 (Fla. 2d DCA 1997),
 
 approved,
 
 703 So.2d 1062 (Fla.1997). Admittedly, the testimony concerning the gun’s characteristics is more extensive in this case than it was in
 
 Mitchell.
 
 Nevertheless, the gun will fire BBs, pellets, or darts and comes with danger warnings on the box. In some states, this weapon is actually regarded as a firearm.
 
 See, e.g., State v. Grant,
 
 294 Conn. 151, 982 A.2d 169 (2009);
 
 Holloman v. Commonwealth,
 
 221 Va. 196, 269 S.E.2d 356 (1980). For the same reasons that we affirmed the trial court in
 
 Mitchell,
 
 we affirm the trial court today.
 
 See also Dale v. State,
 
 703 So.2d 1045 (Fla.1997).
 

 
 *310
 
 We recognize that there is a worthy argument that a low-velocity BB gun should be excluded from the definition of a deadly weapon.
 
 See id.
 
 at 1048 (Overton, J., dissenting). Such a weapon is already excluded from the definition of a firearm because the projectile is not expelled as a result of an explosion.
 
 See
 
 § 790.001(6), Fla. Stat. (2007). This is not a case in which the weapon involved in the offense was never recovered. In this case, it is undisputed that the low-velocity BB gun was the weapon involved in the offense. Here, the defendant took the affirmative step of providing evidence that the weapon could not easily cause great bodily harm. Conceivably, we could fashion a special rule that removes the issue of whether a weapon is deadly from the jury under these circumstances, but not under circumstances where the weapon is not recovered and the defendant merely claims that the weapon was a BB gun. Fourteen years ago in
 
 Mitchell,
 
 we suggested that a statutory definition of “deadly weapon” would be useful. Today we reiterate that suggestion.
 

 Affirmed.
 

 SILBERMAN, C.J., and VILLANTI, J., Concur.