COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


DE'MON LAMONT BERRY

                                                MEMORANDUM OPINION* BY
v.        Record No. 2582-11-2                  JUDGE WILLIAM G. PETTY
                                                NOVEMBER 27, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Patrick D. Killebrew (Patrick D. Killebrew, PLLC, on brief), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


De'mon Lamont Berry was convicted in a bench trial of robbery, in violation of

Code § 18.2-58, the possession of a firearm after having been previously adjudicated delinquent

for an offense that would be a violent felony if committed by an adult, in violation of

Code § 18.2-308.2, and the use of a firearm in the commission of a robbery, in violation of

Code § 18.2-53.1.  Berry contends that the trial court erred in denying his motion to strike

because the circumstantial evidence was insufficient to convict him of any of the three charges

against him.  For the following reasons, we disagree with Berry's arguments.  Therefore, we

affirm his convictions.

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

On March 24, 2011, at approximately 4:46 a.m., Officer Steven Fields received a report that two black men, one carrying a shotgun and the other carrying a silver handgun, robbed a man who had been walking on Patterson Avenue in Richmond, Virginia. The victim testified that a car he described as a dark green sedan drove past him as he was walking down the street. There were four black males inside the sedan, all looking at him as the car drove by. About thirty to forty seconds after the sedan passed him and disappeared around the corner, two black males—one carrying a shotgun and the other carrying a silver handgun—ran up to him from the direction that the car had turned before it was no longer in view.[1] At 5:01 a.m., approximately seventeen blocks from the robbery, Officer Fields saw a dark green sedan matching the victim's description.

At trial, Officer Fields testified that when he first passed the green car, he saw the appellant, De'mon Berry, sitting in the right rear passenger seat. After Officer Fields pulled up and stopped his own vehicle behind the car, Berry was standing outside the car, next to the right rear passenger door. Berry subsequently walked away from the car. Upon later inspection of the area around the right rear passenger door, Officer Fields noticed a silver handgun slightly underneath the car. Additionally, Detective John Cary discovered a shotgun tucked in the trunk of the car, hidden behind a speaker.

---

[1] The victim was not able subsequently to identify either of the robbers.

In his interview with Detective Patrick Ripley following the robbery, Berry denied any involvement in the robbery. He stated that his cousin gave him a ride to see a girl whom he had met on the internet but never in person. Berry claimed that his cousin dropped him off near the girl's home. When asked where she lived, Berry said that she lived on Bromley Lane, but he could not provide an address. According to Berry, after the girl refused to meet with him, he called his friend "Jay" to give him a ride home. Berry stated that when Jay arrived to pick him up, Jay was accompanied by two men that Berry had never met before. Berry claimed that he had just gotten into the car when Officer Fields drove by and that he was sitting in the rear driver's side seat.

Additionally, Berry gave Detective Ripley the purported phone numbers of both the girl and Berry's cousin. The number Berry provided for the girl was disconnected and had previously been associated with an address on Barton Avenue, not Bromley Lane. Detective Ripley also dialed the number supposedly assigned to Berry's cousin and discovered that the number belonged to a man who said he did not know Berry or his cousin.

## II.

Berry assigns error to the trial court's denial of his motion to strike. Berry contends that the evidence was insufficient to convict him of any of the three charges against him. We disagree.

"When . . . sufficiency of the evidence [is challenged following] . . . a bench trial, 'the trial court's judgment is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.'" Burrell v. Commonwealth, 58 Va. App. 417, 433, 710 S.E.2d 509, 517 (2011) (quoting Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999)). It is the prerogative of the trier of fact "'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic

facts to ultimate facts.'" Brown v. Commonwealth, 56 Va. App. 178, 185, 692 S.E.2d 271, 274 (2010) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "'Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832 (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)).

## A. Robbery

First, Berry contends that the trial court erred in finding that the evidence was sufficient to demonstrate his involvement in the robbery. Berry argues that the "purely circumstantial" evidence submitted to the trial court established merely the *suspicion* of his involvement in the robbery. Essentially, Berry alleges that he was not present in the sedan prior to the robbery, that only after the robbery took place did the driver of the sedan pick him up, and that therefore, the evidence is insufficient to establish his involvement in the robbery. We disagree.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Here, the circumstantial evidence is sufficient to exclude every hypothesis except that of guilt. A reasonable inference could be drawn that the dark green sedan that passed the victim just before he was robbed was the same dark green sedan that Officer Fields discovered fifteen minutes after the robbery occurred, at a location only seventeen blocks from where the victim was robbed. This is especially compelling in light of the victim's testimony that the two black males who robbed him were carrying a shotgun and a silver handgun, alongside the fact that the police found a shotgun in the trunk of the sedan and a silver handgun on the ground next to where Officer Fields saw Berry standing.

In addition, the finder of fact was permitted to reject Berry's contention that he was not involved in the commission of the robbery. Notwithstanding Berry's proffered explanations concerning the means by which he came to be present in the sedan at the time of his encounter with Officer Fields, the trial court was not required to credit his testimony. See Armstead v. Commonwealth, 56 Va. App. 569, 581, 695 S.E.2d 561, 567 (2010). Indeed, "'[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.'" Flanagan v. Commonwealth, 58 Va. App. 681, 702, 714 S.E.2d 212, 222 (2011) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)). Here, Detective Ripley's follow-up investigation attempting to verify the story provided by Berry established that Berry was not being truthful. Moreover, the trial court expressly found incredible Berry's explanations for where he was that night. The trial court was entitled to infer that Berry provided such falsehoods to conceal his involvement in the robbery.

Thus, we hold that the trial court did not err in finding the evidence sufficient to establish Berry's involvement in the robbery.

### B. Possession of a Firearm

Next, Berry argues that the evidence was insufficient to demonstrate that he had possession of either of the firearms—the shotgun found in the trunk or the handgun found on the ground outside the car. He argues that the evidence did not establish that he knew the weapons were in the car. We disagree.

Code § 18.2-308.2 provides that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm." Possession can be either actual or constructive. See Bolden v. Commonwealth, 275 Va. App. 144, 148, 654 S.E.2d 584, 586 (2008) ("A conviction for the unlawful possession of a firearm can be supported

- 5 -

exclusively by evidence of constructive possession; evidence of actual possession is not necessary."). Constructive possession of a firearm can be established by "'evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control.'" Id. (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)). Although a defendant's proximity to the firearm is not dispositive, "it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." Id.

Berry argues that although testimony placed him in the car where the firearms were found, there was no evidence that he knew the weapons were in the car. According to Berry, proximity to the weapons is the only thing that could suggest dominion and control. Berry contends that the circumstances of this case create only a suspicion that he possessed the firearm.

Here, it was reasonable for the finder of fact to conclude that Berry at least constructively possessed the handgun. Not only was Berry seen standing next to the right rear passenger door, the area where the handgun was found, but Officer Fields also testified that Berry was sitting in the right rear passenger seat of the sedan when Officer Fields first passed the sedan while driving. Indeed, in light of Berry's contention to the police that he was not sitting behind the right passenger seat, the trier of fact could reasonably infer that Berry "'was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control.'" Id. (quoting Rawls, 272 Va. at 349, 634 S.E.2d at 705). Ultimately, "the trial court, sitting as factfinder, was at liberty to discount [Berry's] self-serving statements as little more than lying to 'conceal his guilt,' and could treat such prevarications as 'affirmative evidence of guilt.'" Armstead, 56 Va. App. at 581, 695 S.E.2d at 567 (quoting Coleman v. Commonwealth, 52 Va. App. 19, 25, 660 S.E.2d 687, 690 (2008)).

Thus, we hold that the trial court did not err in finding the evidence sufficient to establish that Berry had possession of a firearm in violation of Code § 18.2-308.2.

### C.  Use of a Firearm in the Commission of a Felony

Lastly, Berry contends that the trial court erred in finding the evidence sufficient to prove that he used a firearm in the commission of a felony.  We disagree.

Code § 18.2-53.1 provides that "[i]t shall be unlawful for any person to use or attempt to use any . . . firearm . . . while committing or attempting to commit . . . robbery."  The term "firearm," as used in Code § 18.2-53.1, "includes any instrument that is capable of expelling a projectile by the force of gunpowder."  Thomas v. Commonwealth, 25 Va. App. 681, 685, 492 S.E.2d 460, 462 (1997).  The term "firearm" also refers to "any instrument that 'gives the appearance' of having the capacity to propel a bullet by the force of gunpowder."  Id. (quoting Holloman v. Commonwealth, 221 Va. 196, 199, 269 S.E.2d 356, 358 (1980) (holding that a BB pistol that fired BBs by the force of a spring, but resembled a .45 caliber handgun, was a "firearm" because it "gave the appearance of having a firing capability")).

Here, the trial court credited the victim's testimony that a firearm with the appearance of having a firing capability was used in the commission of the robbery against him.  Additionally, the trial court credited the victim's testimony that the specific weapons used to rob him matched those recovered from the sedan.  The trial court also credited the testimony of Officer Fields, which placed Berry in the specific location inside the sedan next to where the handgun was later recovered.  The combined effect of these circumstances reasonably led the trial court to conclude that Berry was guilty of using a firearm in the commission of a felony.

Thus, we hold that the trial court did not err in concluding that the evidence was sufficient to convict Berry of using a firearm in the commission of a robbery in violation of Code § 18.2-53.1.

III.

For the foregoing reasons, we affirm Berry's convictions.

Affirmed.