COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


MULUKEN WUBNEH
                                                    OPINION BY
v.       Record No. 2136-06-4         JUDGE ELIZABETH A. McCLANAHAN
                                                    FEBRUARY 5, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

        Michael F. Devine (Devine, Connell & Sheldon, P.L.C., on brief),
        for appellant.

        Joshua M. Didlake, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Muluken Wubneh of robbery, in violation of Code § 18.2-58, and use

of a firearm during the commission of a robbery, in violation of Code § 18.2-53.1.[1]  On appeal,

Wubneh contends the trial court erred in instructing the jury as to the definition of the term

"firearm" in Code § 18.2-53.1.  For the following reasons, we affirm the judgment of the trial

court.

BACKGROUND

        On appeal, the facts in this case are viewed in the "light most favorable" to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

Exiting a taxicab, Wubneh pulled out a BB gun, stating, "I have a gun," and demanded money

from the cab driver.  Wubneh then repeatedly hit the driver in the head with the gun and took

his money.  The gun appeared to the driver to be a "black pistol."  A witness described the gun

─────────────────────
        [1] Wubneh's robbery conviction is not at issue in this appeal.

as looking like a "nine millimeter." The gun was $CO_2$ operated, expelling a projectile by pneumatic pressure.

Wubneh was charged with robbery, and the use of a firearm during the robbery in violation of Code § 18.2-53.1. [2] This statute does not define the term "firearm." The trial court instructed the jury as to the definition of a firearm as follows:

> A firearm is a weapon designed to expel a projectile by the explosion of gunpowder, by spring mechanism, or by pneumatic pressure. It is not necessary that the object actually have the capacity of firing a projectile, provided that it retains enough of its parts that it has not lost its appearance as a firearm.

The Commonwealth submitted this instruction, taken from the Virginia Model Jury Instructions, without objection. [3] The jury convicted Wubneh on both the robbery and firearm charges.

Wubneh challenged his firearm conviction in a motion to set aside the verdict. He contended in his motion that the jury instruction defining a firearm erroneously encompassed a BB gun such as the one he used in the robbery. The term "firearm" in Code § 18.2-53.1, according to Wubneh, encompassed only objects having a capacity to propel a projectile by "force of gunpowder." Thus, Wubneh concluded, the instruction allowed for his conviction under Code § 18.2-53.1 even though he was, in fact, not in possession of a firearm. The trial court denied the motion, and this appeal followed.

---

[2] Code § 18.2-53.1 provides, in relevant part, as follows: "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery . . . ."

[3] See Virginia Model Jury Instructions, Criminal, No. 18.702, at 18-99 (2006).

ANALYSIS

A.

As a preliminary matter, the Commonwealth asserts Wubneh is procedurally barred from challenging the firearm instruction on appeal. Specifically, the Commonwealth argues that, because Wubneh acquiesced to the instruction when given to the jury, his post-trial objection to the instruction was untimely, and thus waived under Rule 5A:18.[4] Wubneh contends that, to the extent it was an untimely objection, he is entitled to invoke Rule 5A:18's "ends of justice" exception to waiver.

Generally, when a jury instruction, though erroneous, is given without a contemporaneous objection at trial, the instruction becomes "the law of the case," Ulloa v. QSP, Inc., 271 Va. 72, 80, 624 S.E.2d 43, 48 (2006) (citations omitted), and, any objection to the instruction on appeal is waived. Rule 5A:18. The "ends of justice" exception to this rule is, as always, "narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (en banc) (citations and internal quotation marks omitted). This includes cases "even where such faulty instructions improperly stated the elements of an offense." Id. at 219, 590 S.E.2d at 610. However, as we explained in Bazemore:

> The Supreme Court of Virginia has held that the "ends of justice" exception applies to permit review when a "granted instruction omitted some essential elements of the offense" and "no evidence was produced relating to those elements." Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681-82 (1991). In Campbell v. Commonwealth, 14 Va. App. 988, 994, 421 S.E.2d 652, 656 (1992), this Court similarly held that the exception applies to permit our review of an instruction that "allows a jury to

---

[4] Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Furthermore, "[n]ot just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (emphasis in original), aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

convict a defendant without proof of an essential and necessary element of the charged offense."

Id.

In this case, the Commonwealth was required, under Code § 18.2-53.1, to prove that Wubneh used a "firearm" in the commission of the robbery. It is undisputed that Wubneh possessed a BB gun at that time. Wubneh argues his BB gun was not a "firearm" under the statute, as that term has been defined under Virginia law—i.e., a weapon fired by the explosion of gunpowder. According to Wubneh, the subject jury instruction erroneously included weapons fired "by spring mechanism, or by pneumatic pressure" within the definition of a "firearm," thus allowing for his conviction.

Because we conclude the jury instruction correctly defined a "firearm" under Code § 18.2-53.1, there is "no miscarriage of justice" in this case that would warrant application of the "ends of justice" exception to Rule 5A:18. Bazemore, 42 Va. App. at 224, 590 S.E.2d at 612.

B.

Challenging the firearm instruction, Wubneh argues that "[o]bjects which are not designed to expel a projectile by means of an explosion of gun powder or combustible material are not firearms, even though they give the appearance of having that capacity." Thus, Wubneh contends, even though the BB gun he used in the robbery appeared to have such a firing capability, it was "not, in fact, a firearm" under Code § 18.2-53.1 since it did not expel a projectile by explosive means. This Court rejected the same argument in Thomas v. Commonwealth, 25 Va. App. 681, 492 S.E.2d 460 (1997), on nearly identical facts.

As in the instant case, the defendant in Thomas robbed a taxicab driver using a "BB pistol," having the appearance of a "small handgun." Id. at 683-84, 492 S.E.2d at 461-62. The defendant argued the evidence was insufficient to prove he used a firearm in the commission of robbery, in violation of Code § 18.2-53.1, as he committed the robbery with a BB gun, not a

- 4 -

"firearm." We disagreed, holding there was sufficient evidence for his firearm conviction "[b]ecause the evidence proved that the BB pistol gave the appearance of having a firing capability." Id. at 684, 492 S.E.2d at 462.

In reaching our decision in Thomas, we explained that, while Code § 18.2-53.1 does not define the word "firearm," the Virginia Supreme Court has construed its "intended meaning" and "set forth parameters of what does and does not constitute a 'firearm' under the statute." Id. at 685, 492 S.E.2d at 462 (citing Holloman v. Commonwealth, 221 Va. 196, 198-99, 269 S.E.2d 356, 357-58 (1980)).

> First, because Code § 18.2-53.1 "is aimed at preventing actual physical injury or death," the term "firearm" includes any instrument that is capable of expelling a projectile by the force of gunpowder. See [Holloman, 221 Va. at 198-99, 269 S.E.2d at 357-58].
>
> In addition, the term "firearm" in Code § 18.2-53.1 includes some objects that are not capable of firing projectiles by an explosion of gunpowder. In Holloman, the Supreme Court held that any instrument that "gives the appearance" of having the capacity to propel a bullet by the force of gunpowder is a "firearm" under Code § 18.2-53.1. See id. at 199, 269 S.E.2d at 358 (holding that a BB pistol that fires BBs by the force of a spring but resembled a .45 caliber handgun was a "firearm" because it "gave the appearance of having a firing capability"). . . .

Thomas, 25 Va. App. at 685, 492 S.E.2d at 462. We then explained the Supreme Court's twofold rationale for this "expanded meaning of 'firearm.'" Id.

> First, it reasoned that the word "firearm" included instruments that merely appear to have a firing capability because the General Assembly intended Code § 18.2-53.1 "to discourage criminal conduct that produces fear of physical harm" and the victim of a crime "can be intimidated as much by a revolver that does not fire bullets as by one that does." In addition, the Supreme Court reasoned that, as a practical matter, a crime victim "cannot be required to distinguish between a loaded pistol and a spring gun when it is brandished during the commission of a felony."

Id. at 685-86, 492 S.E.2d at 462 (quoting Holloman, 221 Va. at 198, 269 S.E.2d at 358).[5] The same, of course, is true for a BB gun fired by pneumatic pressure.

Wubneh argues, however, that Holloman was overruled by the Supreme Court in Yarborough v. Commonwealth, 247 Va. 215, 441 S.E.2d 342 (1994), meaning that Thomas was wrongly decided. Yarborough, according to Wubneh, limited the definition of "firearm" under Code § 18.2-53.1 to a weapon fired by gunpowder. We disagree. In Yarborough, the defendant, with both hands in his pocket, approached the victim and stated, "this is a stickup; give me all your money." Id. at 217, 441 S.E.2d at 343. The victim testified that "[s]he saw 'something protruding . . . from [defendant's] right hand pocket of his jacket,' and she 'thought [there] was a gun in his pocket.'" Id. Defendant then took the victim's money and fled. Shortly thereafter, defendant was arrested for the robbery. He possessed only an unopened can of beer in one of the pockets of his jacket, and no weapon was found. He was subsequently convicted of using a firearm in the commission of a robbery in violation of Code § 18.2-53.1. The Supreme Court reversed defendant's conviction, holding that the fact "the victim is made *to feel* that an assailant has a firearm" is not sufficient for a conviction. Id. (emphasis in original). Rather, the Commonwealth is required to prove the defendant was actually in possession of a firearm. In doing so, the Supreme Court relied on its holding in Holloman, making clear that a "'firearm' within the meaning of Code § 18.2-53.1" included an instrument having the appearance of a firing capacity even though it "was fired by a spring [in the case of the BB gun in Holloman]

---

[5] A caveat to these principles, which we addressed in Thomas, is our holding in Sprouse v. Commonwealth, 19 Va. App. 548, 551-52, 453 S.E.2d 303, 305-06 (1995), that an object appearing to the victim to be a gun, but which was actually a "toy pistol," did not qualify as a "firearm" under Code § 18.2-53.1. In this regard, we note that the firearm instruction at issue here is consistent with Sprouse in requiring that the subject instrument be "designed" as a "weapon" to "expel a projectile" (even if it does not have the "actual[] . . . capability of firing a projectile, provided . . . it has not lost its appearance as a firearm"). Virginia Model Jury Instructions, Criminal, No. 18.702.

rather than by gunpowder." Yarborough, 247 Va. at 218, 441 S.E.2d at 344 (citing Holloman, 221 Va. at 199, 269 S.E.2d at 358).

Furthermore, the Supreme Court reaffirmed the Holloman decision in Armstrong v. Commonwealth, 263 Va. 573, 562 S.E.2d 139 (2002), where it construed the meaning of the term "firearm" in Code § 18.2-308.2, proscribing possession of a firearm by a convicted felon. In contrasting Code § 18.2-308.2 with Code § 18.2-53.1, the Supreme Court reiterated that the purpose of Code § 18.2-53.1 "'is [not only] to deter violent criminal conduct . . . but also . . . to discourage criminal conduct that produces fear of physical harm'" to a victim from an "'instrument that gives the appearance of having a firing capability.'" Id. at 582, 562 S.E.2d at 144 (quoting Holloman, 221 Va. at 198, 269 S.E.2d at 358). Because such perception of a victim is not an element of Code § 18.2-308.2, the Supreme Court explained, the term "firearm" in that statute would not "warrant . . . the same broad construction" as "applicable to the same term in Code § 18.2-53.1." Id. at 583, 562 S.E.2d at 144.

                                        CONCLUSION

For these reasons, we hold the trial court did not err in instructing the jury as to the definition of the term "firearm" in Code § 18.2-53.1. Thus, there is no miscarriage of justice in this case warranting application of the ends of justice exception to Rule 5A:18, and the issue on appeal is procedurally defaulted. Accordingly, we affirm Wubneh's conviction.

                                                                                Affirmed.