COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


DAMIEN CHALK

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 3034-07-1                  JUDGE ROBERT J. HUMPHREYS
                                                FEBRUARY 3, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         Johnny E. Morrison, Judge

            (John D. Levin; Levin & Levin, on brief), for appellant.  Appellant
            submitting on brief.

            Benjamin H. Katz, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Damien Chalk ("Chalk") appeals his conviction for second-degree murder.  On appeal,

Chalk contends the trial court erred in granting a jury instruction that incorrectly defined felony

homicide and allowed the jury to convict him of a "non-offense."  Though Chalk did not object

to the instruction at trial, he asks this Court to apply the ends of justice exception and reverse his

conviction.  For the reasons that follow, we decline to invoke the ends of justice exception and

affirm his conviction for second-degree murder.

        "Under Rule 5A:18, no ruling of the trial court . . . will be considered as a basis for

reversal unless the objection was stated together with the grounds therefor at the time of the

ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

justice."  Wubneh v. Commonwealth, 51 Va. App. 224, 228, 656 S.E.2d 418, 420 (2008).

"Furthermore, '[n]ot just any objection will do.  It must be both *specific* and *timely*--so that the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial judge would know the particular point being made in time to do something about it.'" Id. (quoting Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (emphasis in original), aff'd on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). Chalk concedes that he did not make a contemporaneous objection to Jury Instruction 2 at trial. Nevertheless, he "urges this Court to apply the 'ends of justice' proviso of Rule 5A:18 to consider this issue on appeal."

"'The ends of justice exception is narrow and is to be used sparingly.'" Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). "In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman, 25 Va. App. at 221, 487 S.E.2d at 272. This requires the appellant to "demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 272-73. Moreover, the error at issue must be "'clear, substantial, and material.'" Bazemore, 42 Va. App. at 219, 590 S.E.2d at 609 (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)).

On several occasions, this Court has discussed the ends of justice exception as it pertains to jury instructions. "Generally, when a jury instruction, though erroneous, is given without contemporaneous objection at trial, the instruction becomes 'the law of the case,' . . . and, any objection to the instruction on appeal is waived." Wubneh, 51 Va. App. at 228, 656 S.E.2d at 420 (quoting Ulloa v. QSP, Inc., 271 Va. 72, 80, 624 S.E.2d 43, 48 (2006)). Only in a few,

limited circumstances will this Court use the ends of justice exception to review a faulty

instruction that was not objected to at trial.  We explained those circumstances in Bazemore:

> The Supreme Court of Virginia has held that the "ends of justice" exception applies to permit review when a "granted instruction omitted some essential elements of the offense" and "no evidence was produced relating to those elements."  Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681-82 (1991).  In Campbell v. Commonwealth, 14 Va. App. 988, 994, 421 S.E.2d 652, 656 (1992), this Court similarly held that the exception applies to permit our review of an instruction that "allows a jury to convict a defendant without proof of an essential and necessary element of the charged offense."

Bazemore, 42 Va. App. at 219, 590 S.E.2d at 610.

The instruction at issue in this case was Jury Instruction No. 2 ("Instruction 2").  It

provided:

> The Court instructs the jury that the defendant may be convicted of felony homicide.  The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> 1.  That the defendant killed Dennis Brown; and
> 2.  That the killing was accidental and contrary to the intention of the defendant;
> 3.  That the defendant was then committing the felony of Attempted Robbery; and
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime charged, then you shall find the defendant guilty but you shall not fix punishment until the verdict has been returned and further evidence has been heard by you.
>
> If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the crime, then you shall find the defendant not guilty of felony homicide.

As the Commonwealth concedes, Instruction 2 "gave an incorrect statement of the

elements of felony homicide, in so far as the elements . . . supported the more serious offense of

- 3 -

felony murder as defined in Code § 18.2-32." Code § 18.2-33 defines the offense of felony

homicide. It provides:

> The killing of one accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act *other than those specified in* §§ 18.2-31 and *18.2-32*, is murder of the second degree and is punishable by confinement in a state correctional facility for not less than five years nor more than forty years.

(Emphasis added).

First-degree murder is defined in Code § 18.2-32:

> Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or *attempt to commit*, arson, rape, forcible sodomy, inanimate or animate object sexual penetration, *robbery*, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony.

(Emphasis added).

As is evident from the statutes, there are two distinctions between felony murder and

felony homicide. Felony murder does not require the killing be "accidental[], contrary to the

intention of the parties." Code § 18.2-33. In addition, the underlying felony in a felony murder

charge must be one of the offenses enumerated in Code § 18.2-32, whereas the underlying felony

in a felony homicide charge must be something other than the offenses enumerated in Code

§ 18.2-32. Instruction 2 is flawed because it incorrectly includes the felony of attempted

robbery, an offense enumerated in Code § 18.2-32, as an element of felony homicide. Thus,

although it purports to list the elements of felony homicide, Instruction 2 actually lists the

elements of first-degree felony murder.

However, despite its flawed construction, Instruction 2 is not analogous to the

instructions at issue in Jimenez and Campbell. Instruction 2 did not "omit[] some essential

elements of the offense," Jimenez, 241 Va. at 251, 402 S.E.2d at 681-82, nor did it "allow[] a

- 4 -

jury to convict [Chalk] without proof of an essential and necessary element of the charged offense," Campbell, 14 Va. App. at 994, 421 S.E.2d at 656. In fact, Instruction 2 allowed Chalk to be convicted of second-degree murder for conduct that otherwise would have amounted to the greater offense of first-degree felony murder. See Ball v. Commonwealth, 221 Va. 754, 273 S.E.2d 790 (1981). Since Chalk clearly benefited from the trial court's error, he cannot "affirmatively show that a miscarriage of justice has occurred . . . " in order to invoke the ends of justice exception to Rule 5A:18. Redman, 25 Va. App. at 221, 487 S.E.2d at 272.

In conclusion, we decline to invoke the "ends of justice" exception since Chalk benefited from the erroneous jury instruction. Therefore, we hold that, pursuant to Rule 5A:18, Chalk waived his right to appeal the instruction, and we affirm his conviction for second-degree murder.

Affirmed.