McCLANAHAN, J.,
concurring.
I agree with part one of the majority’s analysis in support of the conclusion that appellant used a firearm in the commission *517 of a robbery, in violation of Code § 18.2-53.1. Accordingly, I concur in affirming appellant’s conviction.
I disagree, however, with part two of the majority’s analysis regarding the relevance of a victim’s perception of a firearm possessed by an accused under Code § 18.2-53.1. The statute is written in the disjunctive, making it a crime to either use a firearm or display a firearm in a threatening manner while committing robbery or one of the other specified felonies. Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). Thus, once the majority concludes that appellant was guilty of using a firearm in the robbery based on the fact that the victim was hit in the head with a pistol, regardless of whether the victim perceived the pistol, no analysis is required under the second prong of the statute.
Furthermore, in addressing the second prong of Code § 18.2-53.1, the majority, in my opinion, renders an incorrect interpretation of the statute. The majority indicates that, where no physical injury has been inflicted upon the victim with the weapon in the accused’s possession (unlike the instant case), only the second prong of Code § 18.2-53.1 is at issue, and the victim’s perception of the weapon as a firearm is a necessary element of the crime. The majority reaches this conclusion based on its reading of Holloman v. Commonwealth, 221 Va. 196, 269 S.E.2d 356 (1980), and Wubneh v. Commonwealth, 51 Va.App. 224, 656 S.E.2d 418 (2008).
The Courts in both Holloman and Wubneh concluded that a BB gun constituted a “firearm” within the meaning of that term under Code § 18.2-53.1 because the BB gun possessed by the perpetrator in each of those cases gave the appearance of having a firing capacity. As such, proscription of the gun under the statute furthered the statute’s intended purpose of discouraging criminal conduct that produces fear of physical harm, as well as preventing actual physical injury or death. Holloman, 221 Va. at 198, 269 S.E.2d at 357-58; Wubneh, 51 Va.App. at 229-30, 656 S.E.2d at 420-21. In neither of those cases, however, did the Court indicate that the victim’s perception of the gun was a prerequisite for sustaining a conviction *518 under the second prong of Code § 18.2-53.1.[5] Rather, the issue was whether the gun should be included within the meaning of “firearm” under the statute as a matter of law.[6] In other words, while the determination of whether the gun constituted such a “firearm” was based on evidence of the gun’s appearance, that determination was not premised upon or limited to the victim’s perception of that appearance. In fact, the Supreme Court in Holloman did not address any evidence regarding the victim’s perception of the gun. The Court, instead, made clear that its conclusion was based on the Court’s own observation of the gun: “The object in question, part of the record on appeal, appears in size, weight and shape to be a .45 caliber automatic pistol [even though] [testimony showed it fires BBs by the force of a spring, not by gunpowder.” Holloman, 221 Va. at 197, 269 S.E.2d at 357.[7]
For these reasons, I concur in part one of the majority’s analysis and its decision to affirm appellant’s conviction, but *519 disagree with and would exclude part two of the majority’s analysis as dicta.

. Conduct sought to be deterred by a criminal statute is not necessarily reflected in its entirety in the elements of the crime. See, e.g., Hix v. Commonwealth, 270 Va. 335, 341-47, 619 S.E.2d 80, 83-87 (2005) (affirming conviction of attempted indecent liberties with a minor under Code § 18.2-370 where defendant’s targeted minor victim was, in fact, an adult undercover police officer). Thus, the fact that the intended purpose of Code § 18.2-53.1 is, in part, to discourage criminal conduct that produces fear of physical harm does not necessarily mean that proof of a victim's perception of a weapon in a perpetrator’s possession, giving rise to such fear, is an element under either prong of the statute.

. More specifically, the issue was whether a BB gun could be considered a “firearm” under Code § 18.2-53.1 given that it expelled a projectile by something other than an explosion of gunpowder. In Holloman, the BB gun operated by a spring mechanism, Holloman, 221 Va. at 197-98, 269 S.E.2d at 357; and in Wubneh, the BB gun operated by pneumatic pressure, Wubneh, 51 Va.App. at 226-27, 656 S.E.2d at 419.

. In Wubneh, this Court considered testimony of both the victim and a witness to the robbery in which the BB gun was used in reviewing evidence of the gun's appearance. Wubneh, 51 Va.App. at 226, 656 S.E.2d at 419. Of course, in some cases, the victim will be the sole witness to the weapon in the defendant's possession. See, e.g., Byers v. Commonwealth, 23 Va.App. 146, 149-50, 474 S.E.2d 852, 855 (1996).