COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Beales and Powell
Argued at Alexandria, Virginia


RICHARD WAYNE SEARS

MEMORANDUM OPINION[*] BY
v.      Record No. 1192-08-4                  JUDGE LARRY G. ELDER
                                              JULY 14, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John J. McGrath, Jr., Judge Designate

Thomas K. Cullen for appellant.

Eugene Murphy, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Richard Wayne Sears (appellant) appeals from his jury trial convictions for robbery, use

of a firearm in the commission of a felony, and wearing a mask in public. On appeal, he

contends the trial court erroneously denied his motion for a continuance to obtain the presence of

a witness. He also contends his confession was not sufficiently corroborated to prove he was the

perpetrator of the charged offenses. We hold the trial court did not err in denying the motion for

a continuance and that the evidence, including appellant's corroborated confession, was

sufficient to support appellant's convictions. Thus, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

MOTION FOR CONTINUANCE

"A motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court . . . ." Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977). A trial court's ruling on such a motion will be reversed "'only if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant.'" Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (quoting Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986)).

"In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to locate the witness and secure his attendance at trial." Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990). The moving party bears the burden of establishing due diligence. McDonnough v. Commonwealth, 25 Va. App. 120, 127, 486 S.E.2d 570, 573 (1997). "Whether a party has exercised due diligence is a factual question that will be reversed on appeal only if it is plainly wrong or without evidence to support it." Id. Although a "party is not required to engage in a futile act," "due diligence requires, at a minimum, that a party attempt to subpoena the witness or provide a reasonable explanation why a subpoena was not issued." Id. at 129, 486 S.E.2d at 574. The moving party also must allege that the missing witness' testimony is material and must proffer the content of the expected testimony "so that a reviewing court can examine [it] to determine prejudice." Gray v. Commonwealth, 16 Va. App. 513, 517-18, 431 S.E.2d 86, 89 (1993).

Here, the record does not establish appellant exercised due diligence to obtain the presence of witness Moneer Saleh. Although appellant had a subpoena issued for service in

neighboring Fairfax County, he admitted he erroneously listed Saleh's address on the subpoena as "Kirby Lane" rather than "Kirby Landing." He also admitted that despite checking several times prior to trial and learning the Alexandria Sheriff's Office had not yet received a "return on that subpoena," he waited until the morning of trial to try to determine *why* no return had been received. Appellant's attorney in effect conceded he had not established due diligence, saying, "I don't find any case law that says because the Sheriff in Fairfax decided not [to try to serve] the subpoena because it said Lane instead of Landing, that that makes [the witness] unavailable. *It makes him in need of a new subpoena*." (Emphasis added).

Appellant also failed to establish that Saleh's testimony was material and that he was prejudiced by Saleh's absence. Appellant admitted Saleh was likely to assert his Fifth Amendment privilege not to incriminate himself, and the Commonwealth agreed to stipulate Saleh was unavailable for hearsay and Confrontation Clause purposes.

Appellant's counsel argued it was important to his theory of the case that the jury see Saleh because, although appellant and Saleh were of similar height and build, Saleh's "Arab complexion" and "manner of speech" more closely resembled what counsel believed to be the victim's description of the robber as a "white Hispanic" man than did appellant's "white" complexion and lack of accent. The Commonwealth provided appellant a color booking photograph of Saleh, and appellant elicited testimony from numerous witnesses who knew appellant and Saleh concerning the similarities and differences in the appearances of the two men. When counsel showed the photo to the victim on cross-examination, she was unable to identify appellant or Saleh as the robber, but she testified that the robber was "*either* white *or* Hispanic," and she denied telling the officer who responded to the scene that he was a "white Hispanic." (Emphasis added). Thus, the record fails to establish any prejudice resulted from the jury's inability to see Saleh in the courtroom.

As to appellant's claim that he required Saleh's presence at trial because of the possibility that the victim could identify the perpetrator by his voice, the record also fails to establish materiality or prejudice. Although appellant had proffered prior to trial he had been told that Saleh's "manner of speech could . . . lead someone to believe that [Saleh] was not just a white guy," the Commonwealth immediately elicited testimony from the victim that the robber had no accent, and no evidence established the robber's voice was a factor in the victim's concluding that the robber was "white or Hispanic." On cross-examination, appellant failed to ask the victim whether she noticed anything distinctive about the robber's voice or whether she thought she could identify it if she heard it again. Finally, when appellant elicited testimony from numerous other witnesses about Saleh's appearance, he had the opportunity to inquire about Saleh's voice but did not do so. Because appellant offered no evidence that Saleh had an accent or a distinctive voice or that voice impacted the victim's description of the robber, appellant has failed to establish Saleh's absence from his trial resulted in any prejudice.

Thus, the record fails to establish the trial court abused its discretion in denying the motion for a continuance.

B.

CORROBORATION OF APPELLANT'S CONFESSION AND SUFFICIENCY OF THE EVIDENCE TO PROVE HE WAS THE PERPETRATOR

Appellant contends the evidence was insufficient to convict him because his confession was not "corroborated in its essential facts of description of the manner of the offense and of the perpetrator." Appellant misperceives the law requiring corroboration of a confession.

It is true that,

> as a general principle of law, an accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession. . . . It is not necessary, however, that there be independent corroboration of all the contents of the confession, or

> even of all the elements of the crime. The requirement of
> corroboration is limited to the facts constituting the *corpus delicti*.

Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989). "'[T]he *corpus delicti* is the fact that the crime charged has been actually perpetrated.' . . . [T]he Commonwealth must establish that the alleged offense was attributable to a criminal act, and not to mere accident or chance." Aldridge v. Commonwealth, 44 Va. App. 618, 648, 606 S.E.2d 539, 554 (2004) (quoting Lucas v. Commonwealth, 201 Va. 599, 603, 112 S.E.2d 915, 918 (1960)). Establishing the *corpus delicti* of a crime does *not* require proof of the identity of the criminal agent. Watkins, 238 Va. at 349, 385 S.E.2d at 54-55.

Here, the evidence was sufficient to establish the victim was robbed, and thus to establish the *corpus delicti*, wholly independently of appellant's confession. See Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004) (noting a conviction for robbery requires proof of a "taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation"). The victim herself testified that a masked man held a gun to her neck, demanded her purse, struggled with her until he gained control of the purse, and fled with the purse in his possession.

Furthermore, the evidence as a whole was sufficient to support appellant's convictions for the charged offenses. When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. E.g. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). It is up to the jury to determine the credibility of the witnesses, by "weighing such factors as the appearance and manner of the witness on the stand, their intelligence, their opportunity for knowing the truth and observing the things about which they testify, their interest in the outcome of the case, their bias, and if any had been shown, their prior inconsistent statements . . . ." Mullis v. Commonwealth, 3 Va. App. 564,

571, 351 S.E.2d 919, 923 (1987). The jury's verdict "shall not be set aside unless it appears from the evidence that [the verdict] is plainly wrong or without evidence to support it." Code § 8.01-680; see Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Appellant did not contest the victim's testimony that a robbery occurred, and additional evidence proved appellant was the perpetrator. Saleh and appellant were identified when the victim's purse was found in a creek near Saleh's residence and Saleh's fingerprint was found on the victim's credit card still inside the purse. When Saleh was arrested, appellant was with him. In a subsequent videotaped confession, appellant told Detective Hickman he was the robber and gave Detective Hickman numerous specific details about the offense, his subsequent flight from the scene, and Saleh's disposal of the purse in the creek near Saleh's residence where it was found. Appellant admitted wearing a mask and using a BB gun to commit the offense.

Although appellant testified at trial that he knew about the offense only because Saleh robbed the victim and told him about it, additional evidence supported the jury's rejection of this testimony. The victim testified the man who robbed her was wearing blue jeans and a gray hooded sweatshirt. The undisputed evidence established that when appellant and Saleh were seen just a few hours before the robbery, Saleh was wearing khaki shorts, and appellant was wearing blue jeans and carrying a gray hooded sweatshirt. Further, although appellant claimed he confessed because Detective Hickman badgered him and Saleh threatened to hurt appellant's sister and her children if he did not take the blame for the crime, when appellant told Detective Hickman he himself was the robber, appellant also directly implicated Saleh in both that offense and an unrelated crime. Thus, appellant's actions do not support his claim that he confessed to prevent Saleh from being held responsible for the robbery.

This evidence was also sufficient to support appellant's convictions for wearing a mask in public in violation of Code § 18.2-422 and using or displaying a firearm in a threatening

manner while committing robbery in violation of Code § 18.2-53.1.  See Wubneh v.

Commonwealth, 51 Va. App. 224, 229-32, 656 S.E.2d 418, 420-22 (2008) (holding use of a BB

gun is sufficient to support a conviction under Code § 18.2-53.1).

II.

For these reasons, we hold the trial court did not err in denying the motion for a

continuance and that the evidence, including appellant's corroborated confession, was sufficient

to support appellant's convictions.  Thus, we affirm.

Affirmed.