COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Huff
Argued at Chesapeake, Virginia


KEVIN MEREDITH LUCAS

MEMORANDUM OPINION[*] BY
v.      Record No. 0805-11-2                      JUDGE GLEN A. HUFF
                                                  DECEMBER 18, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
DesPortes, P.C., on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


Kevin Meredith Lucas ("appellant") appeals his convictions of second-degree murder, in

violation of Code § 18.2-32, and felony child neglect, in violation of Code § 18.2-371.1(A).

Following a jury trial in the Circuit Court of Henrico County ("trial court"), appellant was

sentenced to fifty years in prison. On appeal, appellant contends that the trial court erred in

providing incorrect, incomplete, and confusing instructions to the jury which caused the jury to

convict appellant of second-degree murder and felony child neglect without proof beyond a

reasonable doubt of the necessary elements. For the following reasons, this Court affirms the

trial court's convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  Because this is an unpublished opinion that carries no precedential value, we recite only those facts relevant to our ultimate disposition of the case.

At trial, appellant's counsel and the Commonwealth agreed to the set of jury instructions that the trial court presented to the jury.  After the conclusion of the second day of trial, the following discussion took place:

> THE [TRIAL] COURT:  How are you all doing on the instructions?
>
> [COMMONWEALTH]:  We[ ha]ve done ours.
>
> [APPELLANT'S COUNSEL]:  We[ ha]ve done ours.  And we can exchange them in the morning, Judge.
>
> THE [TRIAL] COURT:  You both have done them.  I hope you[ a]re going to merge them into one.  Not going to have any discussion about them then.

Then, after the trial court granted appellant's renewed motion to strike the first-degree murder charge but prior to either party presenting closing arguments, the following colloquy regarding the jury instructions took place:

> [THE TRIAL COURT:]  You all got [sic] your instructions?
>
> [APPELLANT'S COUNSEL]:  (Unintelligible)
>
> THE [TRIAL] COURT:  Do you need a few minutes on that?
>
> [APPELLANT'S COUNSEL]:  We may need a minute, Judge, because I think we have to redraft, we[ woul]d have to redraft.  We have it as first, second, and [the Commonwealth]—

THE [TRIAL] COURT: -- Only one, so you need to drop out the first and retype?

[APPELLANT'S COUNSEL]: We can do that.

THE [TRIAL] COURT: Okay.

[APPELLANT'S COUNSEL]: Maybe at that time, Judge, we could take up the issue, I think that, are you going to ask for a felony murder instruction? I think we need –

THE [TRIAL] COURT: Do you all want to talk?

[APPELLANT'S COUNSEL]: -- Judge.

THE [TRIAL] COURT: All right. Let me know when you[ a]re ready.

After a short recess, the following conversation between the trial court and counsel ensued:

THE [TRIAL] COURT: How are we doing with the instructions?

[APPELLANT'S COUNSEL]: We[ a]re all done, Judge.

THE [TRIAL] COURT: You[ ha]ve got them in the order you want me to read them?

[COMMONWEALTH]: Yes, sir.

THE [TRIAL] COURT: If [you] want to, go ahead and number them. (Unintelligible). Ready after that [for] final argument?

[APPELLANT'S COUNSEL]: After the instructions are read, yes, sir.

The following jury instructions were then read by the trial court[1] and given to the jury without any objections by appellant's counsel:

Instruction No. _3_[:]

The [appellant] is charged with the crime of second degree murder. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1) That the [appellant] killed [C.S.]; and

(2) That the killing was malicious;

---

[1] The trial judge signed the instructions as "GIVEN DTB 1/26/11."

- 3 -

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the [appellant] guilty of second degree murder, but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the killing was malicious but that the Commonwealth has proved beyond a reasonable doubt that the [appellant] killed [C.S.] and further:

> 1. That the killing was accidental and contrary to the intention of the [appellant]; and

> 2. That the [appellant] was then committing a felony, to wit: felony child neglect.

Then you shall find the [appellant] guilty of felony homicide, but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the [appellant] did not kill [C.S.], but that [C.S.] accidentally injured himself and died as a result thereof, and, that the [appellant]'s failure to obtain medical treatment for [C.S.] was so gross, wanton, and culpable as to show a callous disregard for human life, then you shall find the [appellant] guilty of involuntary manslaughter, but you shall not fix punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the above offenses, then you shall find the [appellant] not guilty.

Instruction No. 6 [:]

Once the Commonwealth has proved there was an unlawful killing, then you are entitled to infer there was malice and that the act was murder in the second degree unless, from all the evidence, you have a reasonable doubt as to whether malice existed.

Instruction No. 7 [:]

The [appellant] is charged with the crime of child neglect. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

- 4 -

> (1) That on April 15, 2010 [appellant] was responsible for the care of [C.S.]; and
>
> (2) That [C.S.] was under the age of eighteen years; and
>
> (3) That [appellant] did by willful act or omission or by a refusal to provide care for the health of [C.S.] cause or permit serious injury to the life or health of [C.S.].
>
> If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense charged, you shall find the [appellant] guilty, but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.
>
> If you find from the evidence that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the offense, then you shall find the [appellant] not guilty.

When the trial court read jury instruction number seven regarding child neglect to the jury, it improperly recited the third element by stating the following: "And, three, that [appellant] did by *lawful act*, by willful act or omission, or by a refusal to provide care for the health of [C.S.] to cause or permit serious injury to the life or health of [C.S.]." (Emphasis added). This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in admitting incorrect, incomplete, and confusing instructions to the jury which caused the jury to convict appellant of second-degree murder and felony child neglect without proof beyond a reasonable doubt of the necessary elements. Appellant, however, did not timely object to the jury instructions, and accordingly asks this Court to invoke the "ends of justice" exception to Rule 5A:18 to reverse and remand his convictions for a new trial. We decline to do so as appellant "invited the error" from which he now seeks relief by agreeing to the jury instructions he challenges on appeal. In addition, the ends-of-justice exception is inapplicable due to the fact that appellant "invited the error."

- 5 -

"Under settled principles, a criminal defendant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" Alford v. Commonwealth, 56 Va. App. 706, 709, 696 S.E.2d 266, 267 (2010) (quoting Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009)). As this Court noted in Alford, "[t]he approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." Id. Thus, "[t]he very fact that [appellant] 'invited the error' . . . renders Rule 5A:18's ends-of-justice exception inapplicable." Id. at 709, 696 S.E.2d at 267-68 (citing Rowe, 277 Va. at 503, 675 S.E.2d at 165). Therefore, the Jimenez v. Commonwealth, 241 Va. 244, 402 S.E.2d 678 (1991), holding in which the Supreme Court applied the ends of justice exception to reverse a conviction of a non-offense is inapplicable to the present case.

Appellant in the present case "invited the error" by agreeing to the jury instructions that he now attempts to challenge on appeal. In response to the trial court's initial inquiry regarding the jury instructions on the second day of trial, appellant's counsel responded that they had their jury instructions prepared, and the Commonwealth also responded that they had their jury instructions prepared. The trial court then said that it hoped they were going to merge them into one set of jury instructions. Appellant's counsel made no response to the trial court's statement.

At the conclusion of appellant's renewed motion to strike, the trial court asked if counsel had the jury instructions that they wanted to be given to the jury. Appellant's counsel responded that they would need a moment to redraft the first-degree murder jury instruction to a second-degree murder jury instruction, and also asked if a felony murder jury instruction would be needed. The trial court took a recess to permit counsel for appellant and the Commonwealth to talk about the instructions and prepare the instructions that they wanted to be given to the jury.

After the recess, the trial court asked if the instructions were ready, and appellant's counsel responded "[w]e[ a]re all done, Judge."

While the record is not clear which instructions were prepared by appellant's counsel, it is evident that appellant's counsel not only prepared some of the instructions but also agreed to the jury instructions offered. Furthermore, appellant's counsel did not object at any point in time to any of the jury instructions given, nor did he seek to have additional jury instructions added to the set of instructions agreed upon and given to the trial court. See Wubneh v. Commonwealth, 51 Va. App. 224, 228, 656 S.E.2d 418, 420 (2008), ("Generally, when a jury instruction, though erroneous, is given without a contemporaneous objection at trial, the instruction becomes 'the law of the case,' Ulloa v. QSP, Inc., 271 Va. 72, 80, 624 S.E.2d 43, 48 (2006) (citations omitted), and, any objection to the instruction on appeal is waived. Rule 5A:18"), overruled on other grounds, Startin v. Commonwealth, 56 Va. App. 26, 690 S.E.2d 310 (2010) (en banc). Thus, appellant's approbation and reprobation is fatal to his argument that the trial court provided incorrect, incomplete, and confusing instructions to the jury. Accordingly, this Court affirms appellant's convictions since he cannot now challenge on appeal the jury instructions that he agreed the trial court should give to the jury.

## III. CONCLUSION

Thus, we hold that appellant cannot now challenge on appeal the jury instructions to which he agreed. Accordingly, we affirm the trial court's convictions.

Affirmed.